UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| LOCAL 402, AMERICAN PHARAMOND CONILLE, et al., | ) ) ) ) ) | |
| Plaintiffs, | ) ) | Case No.: 17-cv-11495 |
| v. | ) ) ) ) | |
| COUNCIL 93, AMERICAN FEDERATION OF STATE, COUNTY, AND MUNICIPAL EMPLOYEES, et al., | ) ) ) ) ) | |
| Defendants. | ) ) ) ) ) | |

MEMORANDUM AND ORDER

CASPER, J.                                                        June 10, 2021

I.      Introduction

Plaintiffs Pharamond Conille ("Conille") and other members of Local 402 of the American

Federation of State, County, and Municipal Employees ("AFSCME") (collectively, "Plaintiffs")

brought this suit seeking emergency equitable relief against AFSCME Council 93 ("Council 93")

and AFSCME International ("International") (collectively, "Defendants").  D. 1.  In their amended

complaint, the Plaintiffs alleged that they were denied equal voting rights as guaranteed by the

AFSCME Constitution and federal law (Count I), that Local 402 was being wrongfully deactivated

(Count II), and that Conille had been denied due process and was the victim of retaliation in

violation of federal law and the AFSCME Constitution (Counts III, IV, and V).  D. 25.  Following

a bench trial, the Court (Young, J.) entered judgment in favor of Plaintiffs as to Count I and in

1

favor of Defendants on Plaintiffs' remaining claims.  D. 126 at 20.  The Court also dismissed Defendants' counterclaim for the return of financial books, records and assets as moot.  Id. at 19-20.  On appeal, the First Circuit reversed and remanded the case to this session of the Court with instructions to order Defendants either to rescind Local 402's deactivation or proceed in ordinary course to hear its appeal.  D. 139-40, 166.  Upon resolution of the appeal and as permitted by the Court, D. 185, both parties filed motions for entry of judgment with respect to Count III and Defendants' counterclaim.  D. 186; D. 187.  Plaintiffs also moved for leave to amend.  D. 201.  For the reasons discussed below, the Court DENIES Plaintiffs' motion for entry of judgment, D. 186, ALLOWS Defendants' motion for entry of judgment, D. 187, and DENIES Plaintiffs' motion for leave to amend, D. 201.

## II.    Factual Background

AFSCME is an international labor union and the parent association of both Council 93, an intermediate union body, and Local 402, a trade union representing members employed in Massachusetts, Vermont, New Hampshire and Maine.  D. 126 at 4-5.  As Council 93's affiliate, Local 402 was chartered to represent Massachusetts Department of Developmental Services ("DDS") employees working at the Fernald State School ("Fernald") in Waltham, Massachusetts.  Id. at 4.  Conille was Local 402's vice president.  Id.  On March 27, 2017, Pat Glynn ("Glynn"), Director of Strategic Planning for Council 93, wrote a memorandum to Tim Birch ("Birch"), Area Field Service Director, regarding Local 402 and several other unions.  Id. at 6.  In the memorandum, Glynn requested that Local 402 be deactivated because "[t]here [were] no employees working within the jurisdiction of Local 402" after the Fernald Development Center closed on February 28, 2017.  Id. at 6-7.

This case arises out of Local 402's subsequent deactivation in May 2017.  Id. at 7-8.  The

First Circuit opinion provides the details of Local 402's deactivation, as well as the transfer of its

members to other unions thereafter, including Conille, Conille v. Council 93, Am. Fed'n of State,

Cty. & Mun. Employees, 935 F.3d 1, 2-5 (1st Cir. 2019), which the Court incorporates by reference

here.

III.    **Procedural History**

On August 14, 2017, Conille and other members of Local 402 initiated this suit.  After

Plaintiff amended their complaint, D. 25, Council 93 filed a counterclaim, alleging that upon its

deactivation, Local 402 had not turned over its assets, bank accounts, books and records.  D. 42.

On September 22, 2017, Plaintiffs filed a motion for partial summary judgment on Counts

I and II, D. 31, which Defendants opposed, D. 48.  The Court (Young, J.) concluded that there

existed a genuine issue of fact as to Count I and but allowed Count II for Defendants.  D. 59; D.

105 at 21.  A two-day bench trial commenced on October 26, 2017, after which the Court made

findings and rulings from the bench on December 4, 2017.  D. 106; D. 107; D. 108.  The Court

concluded that Plaintiffs prevailed as to Count I and ordered that the Board of Council 93 be

reconstituted and reorganized to allow for equal representation on or before December 31, 2018.

D. 108 at 5-7.

On January 2, 2018, Council 93 appealed the Court's decision on Count I and its dismissal

of Council 93's counterclaim.  D. 94.  On January 5, 2018, Local 402 requested an extension of

time to appeal.  D. 96.  The Court granted the motion, and on March 22, 2018, Local 402 filed its

notice of appeal.  D. 118.  On May 15, 2018, the Court supplemented its oral decision with

additional findings of fact and rulings of law.  D. 126.  The Court held therein that Local 402 had

not properly appealed its deactivation to the International Executive Board ("IEB") and had failed

to prove its deactivation was in retaliation to Conille's criticism of the Council 93 Executive Board. Id. Subsequently, Plaintiffs filed an amended notice of appeal on June 6, 2018. D. 129.

Plaintiffs "appeal[ed] from the district court's findings, after a bench trial, that Local 402 never requested to appeal its deactivation to the [IEB] and that it failed to prove that it was deactivated in retaliation for having exercised its free-speech rights." Conille, 935 F.3d at 2. The First Circuit reversed the district court's judgment that Local 402 "did not preserve its appeal rights," and remanded the case to this session with instructions to "order the defendants to either rescind the deactivation of Local 402 or proceed forward to hear the appeal in the ordinary course." Conille, 935 F.3d at 2, 9 (noting that "[b]ecause we find that Local 402 did request an appeal to the IEB, we reverse the district court's judgment and remand the case for an internal appeal to the IEB"). The First Circuit also vacated "any judgment dismissing Count III with prejudice, with instructions that Count III be dismissed without prejudice as unripe unless and until Local 402's internal union appeal has been concluded." Id. at 9.[1]

Following the conclusion of the union's administrative appeal process on September 12, 2019, D. 144 at 1; 188 at 2, this Court concluded that Count III was now ripe and remained before this Court, in addition to Defendants' counterclaim for the return of financial books, records and assets. D. 181. This Court permitted the parties to file a motion for entry of judgment as to the remaining claim and counterclaim. D. 185. Both Plaintiffs and Defendants now have filed motions for entry of judgment. D. 186; D. 187.

---

[1] On August 24, 2020, in a related appeal, the First Circuit rejected Plaintiffs' claim "that the AFSCME constitution can only be reasonably read as outlawing the practice adopted by the Council 93 convention for filling positions on the executive board." See Conille v. Council 93, Am. Fed'n of State, Cty. & Mun. Employees, 973 F.3d 1, 14-15 (1st Cir. 2020. The First Circuit concluded therein that "even if the composition of Council 93's executive board violates the equal rights provision of Title I, the remedy for any such violation can, in the first instance, be implemented only by the Secretary of Labor under the remedial provisions of Title IV." Id. at 4. The First Circuit reversed the Court's judgment on all claims except for Council 93's counterclaim, which was remanded for further proceedings. Id.

IV.     **Discussion**

A.      **Plaintiffs' Retaliation Claim (Count III)**

In the prior Order, D. 126, the Court (Young, J.) addressed Plaintiffs' allegation "that the Defendants deactivated Local 402 because Conille criticized the racial makeup of Council 93's Executive Board," id. at 18.  Judge Young, following a two-day bench trial, concluded that "[t]he Plaintiffs failed to put forth any evidence to sustain this claim."  Id.  He further ruled that "[t]he evidence at trial suggested that Local 402 was deactivated, not because of Conille's criticisms, but because the main employer of Local 402 members had closed its facilities so that there were no longer 'employees working within the jurisdiction of Local 402.'"  Id. (citing Trial Exh. 38).

On appeal, the First Circuit reviewed the evidence presented during the Court's bench trial and concluded that based on a June 7, 2017 letter, Local 402 had "exercised its right to appeal to the IEB," and remanded the case on this basis.  Conille, 935 F.3d at 9.  The First Circuit, in a subsequent, related opinion, Conille, 973 F.3d at 7, noted that it had specifically remanded "that portion" of the case to order AFSCME to either rescind Local 402's deactivation or proceed in the ordinary course to hear the appeal, id.; Conille, 935 F.3d at 9.  With respect to whether Local 402's deactivation was retaliatory, the First Circuit noted that "[i]n March 2017, Pat Glynn, the Director of Strategic Planning for Council 93, requested that Local 402 be deactivated because '[t]here [were] no employees working within the jurisdiction of Local 402' after Fernald officially closed earlier that year."  Conille, 935 F.3d at 3.  In the footnote thereto, the First Circuit addressed Local 402's argument "that the district court clearly erred in finding that Fernald had closed in 2017" rather than in 2014 and concluded there was evidence the Fernald's last resident was discharged in 2014 and that the facility closed at the end of February 2017.  Id. at 3 n.4.  The First Circuit also noted that the record contained an affidavit, submitted by Conille, that stated that "'[i]n February

2017 the relocation of employees from the central Fernald facility to [community-based residential facilities] was complete, and no Local 402 member worked at what had been up to that date the central Fernald complex.'" Id.  The First Circuit determined that "[i]n light of this evidence, the district court's factual finding" that Local 402 was deactivated because no employees were working within its jurisdiction after Fernald's closing, "is not clearly erroneous and thus will not be disturbed." Id.

On September 12, 2019, IEB heard Plaintiff's appeal of the deactivation decision.  D. 188 at 2.  On September 18, 2019, AFSCME notified Plaintiffs that the IEB had unanimously voted to uphold the decision to deactivate Local 402 based on its earlier reasoning that the Fernald had closed in February 2017 and there were no longer any employees working within Local 402's chartered jurisdiction.  Id. at 2-3.  Accordingly, now that the internal appeal process is complete, Count III is ripe.  Plaintiffs argue that their evidence of retaliation on the part of Local 402 is undisputed and that the Court should now grant entry of judgment for Count III on these grounds. D. 189.  They argue that the First Circuit, by vacating "any judgment dismissing Count III with prejudice, with instructions that Count III be dismissed without prejudice as unripe," Conille, 935 F.3d at 9, demonstrates that  court's agreement on this point.  D. 189 at 18.  They also argue that the First Circuit's decision—specifically its use of "without prejudice" and "as unripe"— demonstrates that the Panel viewed Plaintiffs' claims as "viable," but "since the IEB had not yet heard Local 402's Article V, Section 6 appeal, it would be premature as a matter of policy for the Court to enter Judgment" on this count.  Id. at 20.

Ultimately, "[w]hen a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." Arizona v. California, 460 U.S. 605, 618 (1983).  A court may depart from a previous holding only if "convinced that [the earlier

ruling was] clearly erroneous and would work a manifest injustice." Id. at 618 n. 8. Exceptions

to this doctrine include "if the initial ruling was made on an inadequate record or was designed to

be preliminary; if there has been a material change in controlling law; if there is newly discovered

evidence bearing on the question; and if it is appropriate to avoid manifest injustice." Naser

Jewelers, Inc. v. City of Concord, N.H., 538 F.3d 17, 20 (1st Cir. 2008). Here, Judge Young,

following a two-day bench trial, concluded that the reason that Local 402 was deactivated was

"not because of Conille's criticisms, but because the main employer of Local 402 members had

closed its facilities so that there were no longer 'employees working within the jurisdiction of

Local 402.'" D. 126 at 18. Judge Young asserted that with respect to Count III, "[t]he Plaintiffs

failed to put forth any evidence to sustain this [retaliation] claim." Id. On appeal, the First Circuit

concluded, specific to the reason for Local 402's deactivation, that in light of the evidence

presented in the record, "the district court's factual finding is not clearly erroneous and thus will

not be disturbed." Conille, 935 F.3d at 3. The parties have presented no "changed circumstances

or unforeseen issues not previously litigated," Arizona, 460 U.S. at 619, during the bench trial

before Judge Young.

       "Under Federal Rule of Civil Procedure 52(a)—which provides that '[f]indings of fact shall

not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the

trial court to judge of the credibility of the witness'—'[a] finding is "clearly erroneous" when

although there is evidence to support it, the reviewing court on the entire evidence is left with a

definite and firm conviction that a mistake has been committed.'" Anderson v. City of Bessemer

City, N.C., 470 U.S. 564, 565 (1985) (quoting United States v. United States Gypsum Co., 333

U.S. 364, 394-395)). "If the district court's account of the evidence is plausible in light of the

record viewed in its entirety, the court of appeals may not reverse it even though convinced that

had it been sitting as the trier of fact, it would have weighed the evidence differently." Id.  The

First Circuit cited evidence in the record as to when the Fernald closed, as well as Conille's

affidavit, to conclude the district court's factual finding—that ". . . that Local 402 [was]

deactivated because '[t]here [were] no employees working within the jurisdiction of Local 402'

after Fernald officially closed earlier that year"—was not clearly erroneous.  Conille, 935 F.3d at

3 n. 4.  In other words, the Circuit concluded that the district court's factual finding that Local 402

was deactivated because of the Fernald closing, rather than because of a retaliatory move, was not

clearly erroneous.  Anderson, 470 U.S. at 565-566 (noting that "[b]ecause findings on which

district court based its finding of [ ] discrimination were not clearly erroneous, its finding of

discrimination was also not clearly erroneous").

Turning to Plaintiffs' argument with respect to the First Circuit's order to "vacate" rather

than "reverse" Count III, such contention does not warrant a different outcome.  The First Circuit

vacated the district court's dismissal of Count III because the internal union appeal had not yet

concluded.  Conille, 935 F.3d at 9.  "Although the word reverse shares vacate's meanings of to

annul and to set aside, it has an additional, more extensive definition: '[t]o reverse a judgment

means to overthrow it by contrary decision, make it void, undo or annul it for error.'"  Kelso v.

U.S. Dep't of State, 13 F. Supp. 2d 12, 18 (D.D.C. 1998) (internal quotation marks and citations

omitted) (emphasis removed).  The Court does not consider the Circuit's decision to reverse and

remand Count II and, by contrast, its decision to vacate and order dismissal without prejudice

Count III to be an unintentional differentiation.

In light of the litigation already conducted as to Count III, id., and the First Circuit's

conclusion that Judge Young's factual findings as to Local 402's reasons for deactivation were

"not clearly erroneous and thus will not be disturbed," Conille, 935 F.3d at 3 n. 4, Count III, now

ripe for dismissal given the conclusion of the internal appeal, is dismissed and judgment on this claim shall enter for Defendants.

### B.      Defendants' Counterclaim for the Return of Assets, Books and Records

Defendants filed a counterclaim with their answer, claiming Plaintiffs breached the AFSCME Constitution by failing to return funds and properties of Local 402 to the AFSCME.  D. 42.  This Court dismissed the counterclaim as moot because Plaintiffs had already agreed at trial to return the funds.  D. 126 at 20.  The First Circuit affirmed the Court's denial of the counterclaim, noting that:

> Because AFSCME's counterclaim depends on the determination of whether Local 402's deactivation was proper, any claim regarding failure to return the funds is not yet ripe, so we accordingly affirm the denial of the counterclaim and direct the district court to dismiss the counterclaim without prejudice.

Conille, 973 F.3d at 7.  Now that the IEB has upheld the deactivation decision, judgment may be entered as to this counterclaim.  At trial, Plaintiffs agreed to the relief that Defendants were seeking in Count III if they were unsuccessful in reversing the deactivation.  D. 126 at 20 (citing bench trial transcript at D. 106 at 161).  Accordingly, there is "no controversy about whether those affects must be returned."  D. 188 at 12; see D. 192 at 10.  Accordingly, to the extent necessary, the Court enters judgment for Defendants on their counterclaim.

### C.      Motion for Leave to Amend Count I

Plaintiffs seek leave to supplement the allegations made in Count I of its amended complaint to include the issuance of a Department of Labor ("DOL") opinion.  D. 201; see D. 25 at 5-9; D. 204. [2]  The DOL issued the relevant opinion on May 22, 2020, at which time, Plaintiffs remained before the First Circuit in the related matter.  D. 202-2.  The DOL opinion states that it

---

[2] The Court allows *nunc pro tunc*, the motion for leave to file a reply, D. 204, and has considered it in the resolution of the motion to amend.

had conducted an investigation in response to Plaintiffs' Title IV allegations and found that "no

violation occurred which may have affected the outcome of the election." Id. at 1.  In August

2020, the First Circuit concluded, as to Plaintiffs' Title I claims, that "even if the composition of

Council 93's executive board violates the equal rights provision of Title I, the remedy for any such

violation can, in the first instance, be implemented only by the Secretary of Labor under the

remedial provisions of Title IV," and that Plaintiffs had otherwise failed to show "that the union

constitution supports their claims." Conille, 973 F.3d at 4.  Accordingly, the Panel reversed the

district court's judgment on all claims except for Council 93's counterclaim, id., and denied

Plaintiffs' motion to delay the Court's mandate.  D. 203-2 (denying plaintiffs-appellees' motion to

stay mandate and motion concerning the proposed language of mandate).  Plaintiffs' motion

requested that the Circuit include in its mandate language that would enable this Court to "consider

a motion by Plaintiffs for leave to file an amended complaint that would seek prospective relief

only, i.e., a remedy that would affect only future elections and not any election already completed,

in light of the Secretary's having declined to consider Plaintiff's Title I claim due to his apparent

belief the DOL had no jurisdiction over the Title I claim." D. 203-1 at 1 (quoting Plaintiffs' Motion

to Delay, Feb. 23, 2021, Appeal No. 18-1038, Doc. No. 00117708544 at 2).  This Court now denies

the motion to amend not only because Plaintiffs "now seek permission [from this Court] to do

precisely what they were denied permission to do by [the First Circuit]," D. 203 at 3, but also

because such proposed amendment would be futile for the reasons articulated by Defendants in

their opposition.  D. 203 at 4-8.  Accordingly, this Court denies Plaintiffs' motion for leave to

amend.  D. 201.

## V.      Conclusion

For the foregoing reasons, the Court DENIES Plaintiffs' motion for entry of judgment, D.

186, ALLOWS Defendants' motion for entry of judgment, D. 187, and DENIES Plaintiffs' motion

to amend, D. 201.

**So Ordered.**

/s/ Denise J. Casper
United States District Judge